UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-61655-CIV-MIDDLEBROOKS/JOHNSON

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JAMES THOMAS WEBB,
CITIRISE REDEVELOPMENT, LLC,
a Carolina limited liability company,
CITIRISE REDEVELOPMENT, LLC,
a Florida limited liability company,
ALPINE PROPERTIES, LLC, and
PROGRESSIVE REDEVELOPMENT, LLC,

    Defendants; and

MAJESTIC REDEVELOPMENT, LLC,
WEBB BUILDERS, LLC and
SHARON SLOAN-WEBB.

    Relief Defendants.
_____/

## ORDER OF FINAL DEFAULT JUDGMENT
## GRANTING [DE 71]

THIS CAUSE comes before the Court on Plaintiff Securities and Exchange Commission's (the "SEC" or the "Commission") motion for judgment by default and granting injunctive and other equitable relief as to Defendants Citirise Redevelopment, LLC (a North Carolina LLC), Citirise Redevelopment, LLC (a Florida LLC), Alpine Properties, LLC, and Progressive Redevelopment, LLC [DE 71], and it's memoranda in support thereof [DE 72]. Both were filed on June 1, 2009. I have reviewed the record and am advised in the premises.

On April 20, 2009, this Court entered an Order [DE 63] directing the Clerk of the Court to enter default of the corporate defendants, as they have failed to plead or otherwise defend in this

1

matter pursuant to Rule 55(a), Federal Rules of Civil Procedure. The SEC now seeks the entry of default judgment against the same corporate defendants. In the time between the Clerk's entry of the default [DE 64] on April 21, 2009, the defendant corporations have not plead or otherwise defended in this matter. In fact, neither the defendant corporations nor the individual defendants have made any filing with this Court. On June 18, 2009, this Court issued an Order to Show Cause [DE 74] ordering the corporate defendants to show cause to this Court why it should not enter default against them. The Court directed the corporate defendants to respond within ten days from the issuance of the Order to Show Cause. As of the date of this Order, the corporate defendants have not responded in any way.

The Commission's Complaint commencing this civil action against the Defendants was filed on November 15, 2007. The Complaint and Summonses were served on Citirise FL, Citirise, NC, Alpine Properties, Progressive Redevelopment in accordance with the Federal Rules of Civil Procedure on November 20, 2007. Due to the corporate defendants' failure to plead or otherwise defend in this action, the allegations in the Commission's Complaint as to Defendants Citirise (FL), Citirise (NC), Alpine Properties and Progressive Redevelopment are deemed admitted. The Commission, then, is entitled to judgment permanently enjoining each of the Defendants Citirise (FL), Citirise (NC), Alpine Properties and Progressive Redevelopment from violating Section 5 of the Securities act of 1933 ("Securities Act") [15 U.S.C. §§ 77e], and from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants, Citirise Redevelopment, LLC (a North Carolina LLC), Citirise Redevelopment, LLC (a Florida LLC), Alpine Properties, LLC, and Progressive Redevelopment, LLC, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise, and each of them, are

restrained and enjoined from:

1. Violating Section 5 of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by directly or indirectly, (I) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise; and/or (ii) making use of the means or instruments of transportation or communication in interstate commerce or fo the mails to carry or cause to be carried any security for the purpose of sale or for delivery after sale; and/or (iii) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy securities through the use or medium of any prospectus or otherwise, without a registration statement having been filed or being in effect with the SEC as to such securities.

2. Violating Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 of the Exchange Act, [17 C.F.R. § 240.10b-5] promulgated thereunder, by directly or indirectly, in the use of any means or instruments of interstate commerce, of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered (i) employing any device, scheme or artifice to defraud; (ii) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or (iii) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

3. Violating Section 17(a) of the Securities Act, [15 U.S.C. § 77q(a)], by directly or indirectly, in the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails in the offer or sale of any security; (I)

employing any device, scheme, or artifice to defraud; (ii) obtaining money or property by means of any untrue statement of a material fact or any omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) engaging in any transaction, practice, or course of business which operates or would operating as a fraud or deceit upon the purchaser.

4. The Commission may, with notice to Defendants, submit an Application to this Court for an appropriate disgorgement amount, including prejudgment interest thereon, and amount appropriate for civil penalties, and any further relief this Court may deem just and appropriate.

5. This Court shall retain jurisdiction over this action for all purposes, including for purposes of entertaining any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court, including but not limited to the setting of disgorgement and prejudgment interest thereon, civil penalties and any other of the relief requested by the Commission in its Complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this /_5_/ day of July, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record

James T. Webb and Sharon Sloan-Webb
13762 West State Road 84, #605
Davie, FL 33325-6433

4